IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNNY MALDONADO,                     Case No. 16-cv-115-pp

        Petitioner,

v.

BRIAN FOSTER,

        Respondent.

---

**ORDER GRANTING MOTION TO STAY PETITION (DKT. NO. 2)**

---

On February 1, 2016, petitioner Johnny Maldonado, by his attorney Ellen Henak, filed a petition for *habeas corpus* relief under 28 U.S.C. §2254. Dkt. No. 1. The petitioner enclosed the $5.00 filing fee with his petition, and the docket shows that the clerk's office processed that fee. Id. He also filed a motion to stay the petition in order to present his unexhausted claims to Wisconsin state courts. Dkt. No. 2. For the reasons stated below, the court will grant the motion.

### I.  INTRODUCTION

On October 9, 2010 the state of Wisconsin charged the petitioner with first degree intentional homicide and attempted first degree intentional homicide. State v. Maldonado, No. 2010CF005110, available at https://wcca.wicourts.gov. A jury found him guilty of both counts. On April 20, 2012, the court sentenced the petitioner to life imprisonment for first degree intentional homicide. For the second count (attempted first degree intentional

1

homicide) the court sentenced the petitioner to serve twenty years in prison, followed by ten years of extended supervision. The court imposed this sentence to run concurrent to the sentence imposed for the intentional homicide charge, but consecutive to any other sentence. The court entered the judgment of conviction on April 24, 2012. On June 8, 2012, the court entered a corrected judgment of conviction. The court again amended the judgment of conviction on December 5, 2014. Id.

On May 10, 2012, the petitioner filed a notice of intent to pursue post-conviction relief. Id. On January 1, 2013, the Wisconsin Court of Appeals extended the deadline for filing a post-conviction motion or notice of appeal to April 5, 2013. On June 17, 2013, the court of appeals extended the deadline to June 28, 2013. On June 28, 2013, the petitioner filed his notice of appeal with the Wisconsin Court of Appeals. On July 15, 2014, that court affirmed the circuit court's decision, and, on August 15, 2014, the petitioner appealed to the Wisconsin Supreme Court. On November 13, 2014, the Supreme Court denied the petition for review. Id. According to the federal *habeas* petition, at each stage in the appeal process described above, the petitioner raised one issue: "Introduction of other acts evidence at trial was an abuse of circuit court's discretion, and its use by the state prejudiced [the petitioner]." Dkt. No. 1 at 4.

The petition raises four grounds for relief. Dkt. No. 1-1 at 4-9. In grounds one, two, and three, the petitioner asserts a Sixth Amendment claim for ineffective assistance of trial counsel. Ground four asserts a Sixth Amendment claim for ineffective assistance of appellate counsel. Id.

2

## II. EXHAUSTION OF REMEDIES AND PETITIONER'S MOTION TO STAY

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

When screening a *habeas* petition, a district court must determine whether the petitioner has exhausted all of his state-court remedies as to each claim contained in the petition. A district judge cannot consider the merits of a petitioner's *habeas* claims "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). The petitioner first must have appealed the issues raised in the federal *habeas* petition all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge either may dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); see also, Rhines v. Weber, 544 U.S. 269, 278 (2005); Rose v. Lundy, 455 U.S. 509, 510, (1982); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001)).

In this case, the petition states that the petitioner raised one issue on appeal: "Introduction of other acts evidence at trial was an abuse of circuit

3

court's discretion, and its use by the state prejudiced [the petitioner]." Dkt. No. 1 at 4. On June 28, 2013, the petitioner filed his notice of appeal with the Wisconsin Court of Appeals. On July 15, 2014, that court affirmed the decision. Dkt. No. 1-2. The court of appeals "conclude[d] that the evidence was relevant to prove motive, and . . . was not unfairly prejudicial." Id. at 2. The court cited the state court's "broad discretion to admit or exclude evidence" and the "highly deferential" standard of review. Id. at 4 (internal quotation marks and citations omitted). The court concluded that the trial court had not "erroneously exercised its discretion," because the evidence had "a permissible purpose," it "had substantial probative value," and it "posed little danger of leading . . . to . . . improper inferences." Id. at 8. On August 15, 2014, the petitioner appealed to the Wisconsin Supreme Court. On November 13, 2014, the supreme court denied the petition for review.

The petitioner provides a detailed description of the four claims for ineffective assistance of trial and appellate counsel that he raises in his federal *habeas* petition. Dkt. No. 1-1 at 4-9. In describing each claim, the petitioner acknowledges that he did not raise any of these issues on appeal to either the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Id.

On February 1, 2016, the petitioner filed the instant motion to hold the petition in abeyance, to give him the opportunity to present his unexhausted claims to the Wisconsin state courts. Dkt. No. 2. The petitioner notes that once the Wisconsin Supreme Court denied his petition for review, the petitioner had ninety days to file a petition with the Supreme Court of the United States. Id. at

4

2 n.1 (citing 28 U.S.C. §2244(d)(1)(a)). Because he did not seek review with the Supreme Court, the petitioner's one-year statute of limitations for filing his federal *habeas* petition began to run on February 11, 2015. This made "February 12, 2016 [the] deadline for filing this petition." Id. at 2. The petitioner filed the petition before exhausting his remedies, as a "placeholder" to prevent him from losing his ability to file the federal *habeas* petition. Dkt. No. 2 at 2.

The court agrees that it appears that the petitioner has not exhausted the four claims he raises in his federal *habeas* petition. Rhines v. Weber allows federal district courts to stay unexhausted claims in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely *habeas* petition, such as when the petitioner files his *habeas* petition "close to the end of the 1-year" statute of limitations. 544 U.S. at 275. Such a circumstance exists here.

The petitioner also must establish good cause for staying his claims while he exhausts his state court remedies. See Lipson v. Clements, No. 15-CV-810, 2015 WL 5883790, at *2 (E.D. Wis. Oct. 8, 2015). In his motion to stay the unexhausted claims, the petitioner states, "Good cause exists for the use of the stay." Dkt. No. 2 at 4. The petitioner's family retained counsel for the petitioner. Id. at 2. Counsel describes this as an "immense" project, requiring the investigation of new evidence and compiling "all challenges to a conviction or sentence . . . in a single motion." Id. (referencing Wis. Stat. §674.06). Counsel has attempted to complete this task by the filing deadline, but has not

5

been able to do so. As a result, counsel filed the "placeholder" petition and the motion for stay. Id. The motion for stay asserts that this is the petitioner's "last reasonable chance to challenge his sentence of life without possibility of release in state court." Id. at 5.

The Supreme Court instructs lower courts to stay unexhausted claims only "in limited circumstances." 544 U.S. at 278. "[E]ven if a petitioner ha[s] good cause . . . the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. (citation omitted). The petitioner asserts that his "unexhausted issues are meritorious." Dkt. No. 2 at 5. Ground one relates to "trial counsel's failure to object on grounds of hearsay, confrontation clause, relevance, and undue prejudice." Id. The claim has merit, according to the petitioner, because "there was no strategic reason to fail to object to the testimony," the testimony was "harmful," and it "prejudiced [the petitioner]." Id. at 5-6. In grounds two and three, the petitioner asserts that his trial counsel failed to call or pursue two key witnesses. Id. at 6-8. He asserts that these claims merit because the testimony would have shown that another witness was biased and because it shows his trial counsel's "unreasonable and . . . deficient performance that prejudiced [him]." Id. at 6-8. In ground four, the petitioner asserts that his appellate counsel failed to raise these issues on appeal even though these "issues . . . would have been far stronger," and the issue actually raised on appeal "lacked any reasonable chance of success." Id. at 8 (citations omitted).

Based on these allegations, the court finds that the claims are not plainly meritless.

**V.   CONCLUSION**

The court **GRANTS** the petitioner's motion to stay the proceedings pending exhaustion of his state court remedies (Dkt. No. 2). The court **ORDERS** the petitioner to file a motion to lift the stay within **sixty (60)** days of completing exhaustion.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to the Warden of Waupun Correctional Institution.

Dated in Milwaukee, Wisconsin this 17th day of March, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

7