UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNY MALDONADO,

        Petitioner,

      v.                         Case No. 16-cv-115-pp

RANDALL HEPP,[1]

        Respondent.

## ORDER GRANTING MOTION TO LIFT STAY AND FILE AMENDED PETITION (DKT. NO. 8), GRANTING MOTION TO WITHDRAW AS ATTORNEY (DKT. NO. 9) AND DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (DKT. NO. 9)

On February 1, 2016, the petitioner (represented by counsel) filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his April 24, 2012 conviction in Milwaukee County Circuit Court for first-degree intentional homicide and attempted first-degree intentional homicide. Dkt. No. 1. With his petition, the petitioner filed a motion to stay the federal proceedings. Dkt. No. 2. About six weeks later, the court granted the motion to stay. Dkt. No. 4.

On January 13, 2020, the petitioner filed a motion to lift the stay and for leave to file an amended petition, a motion to withdraw as counsel and for

---

[1] Under Rule 2 of the Rules Governing Habeas Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is an inmate at Waupun Correctional Institution; this order reflects Warden Randall Hepp as the respondent. Dkt. No. 41.

1

appointment of counsel, a petition and affidavit to proceed without prepayment of fees and/or costs, and prisoner trust fund account statements covering July 2019 through December 2019. Dkt. Nos. 8, 9, 10, 11.

This order grants the motion to lift the stay and for leave to file an amended petition, dkt. no. 8, and grants the motion to withdraw as counsel and denies without prejudice the motion to appoint counsel. Dkt. No. 9.

## I.    **Background**

In its March 2016 order granting the stay, the court explained the facts of the petitioner's case:

> On October 9, 2010 the state of Wisconsin charged the petitioner with first degree intentional homicide and attempted first degree intentional homicide. State v. Maldonado, No. 2010CF005110, available at https://wcca.wicourts.gov. A jury found him guilty of both counts. On April 20, 2012, the court sentenced the petitioner to life imprisonment for first degree intentional homicide. For the second count (attempted first degree intentional homicide) the court sentenced the petitioner to serve twenty years in prison, followed by ten years of extended supervision. The court imposed this sentence to run concurrent to the sentence imposed for the intentional homicide charge, but consecutive to any other sentence. The court entered the judgment of conviction on April 24, 2012. On June 8, 2012, the court entered a corrected judgment of conviction. The court again amended the judgment of conviction on December 5, 2014. Id.
>
> On May 10, 2012, the petitioner filed a notice of intent to pursue postconviction relief. Id. On January 1, 2013, the Wisconsin Court of Appeals extended the deadline for filing a post-conviction motion or notice of appeal to April 5, 2013. On June 17, 2013, the court of appeals extended the deadline to June 28, 2013. On June 28, 2013, the petitioner filed his notice of appeal with the Wisconsin Court of Appeals. On July 15, 2014, that court affirmed the circuit court's decision, and, on August 15, 2014, the petitioner appealed to the Wisconsin Supreme Court. On November 13, 2014, the Supreme Court denied the petition for review. Id. According to the federal habeas petition, at each stage in the appeal process described above, the petitioner raised one issue: "Introduction of other acts evidence

2

at trial was an abuse of circuit court's discretion, and its use by the state prejudiced [the petitioner]." Dkt. No. 1 at 4.

> The petition raises four grounds for relief. Dkt. No. 1-1 at 4-9. In grounds one, two, and three, the petitioner asserts a Sixth Amendment claim for ineffective assistance of trial counsel. Ground four asserts a Sixth Amendment claim for ineffective assistance of appellate counsel. Id.

Dkt. No. 4 at 1-2.

The petitioner filed with his petition a motion asking the court to stay the federal case while he exhausted claims in the Wisconsin courts. Dkt. No. 2. On March 17, 2016, the court screened the petition under Rule 4 of the Rules Governing §2254 cases and granted the motion to stay. Dkt. No. 4 at 1, 3. The court explained the facts underlying its decision to grant the stay:

> The petitioner provides a detailed description of the four claims for ineffective assistance of trial and appellate counsel that he raises in his federal *habeas* petition. Dkt. No. 1-1 at 4-9. In describing each claim, the petitioner acknowledges that he did not raise any of these issues on appeal to either the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Id.
>
> On February 1, 2016, the petitioner filed the instant motion to hold the petition in abeyance, to give him the opportunity to present his unexhausted claims to the Wisconsin state courts. Dkt. No. 2. The petitioner notes that once the Wisconsin Supreme Court denied his petition for review, the petitioner had ninety days to file a petition with the Supreme Court of the United States. Id. at 2 n.1 (citing 28 U.S.C. §2244(d)(1)(a)). Because he did not seek review with the Supreme Court, the petitioner's one-year statute of limitations for filing his federal *habeas* petition began to run on February 11, 2015. This made "February 12, 2016 [the] deadline for filing this petition." Id. at 2. The petitioner filed the petition before exhausting his remedies, as a "placeholder" to prevent him from losing his ability to file the federal habeas petition. Dkt. No. 2 at 2.

Id. at 4-5. The court "agree[d] that it appear[ed] that the petitioner ha[d] not exhausted the four claims . . . in his federal *habeas* petition." Id. at 5. Finding

3

that the claims were not plainly meritless, the court granted the motion to stay, and ordered the petitioner to file a motion to lift the stay within sixty days of completing exhaustion. Id. at 7.

Seven months later, the petitioner informed the court that due to the "case's unusual posture," he would likely experience "significant delays in resolving the issues in state court." Dkt. No. 5. He explained that his motion under Wis. Stat. §974.06 was "being held in abeyance in the state circuit court pending resolution in the Wisconsin Supreme Court" of State of Wisconsin v. Raymond Nieves, Case No. 14 AP1623-CR. Id. Raymond Nieves was a codefendant at the petitioner's trial. Id.

On January 31, 2018, the court reminded the petitioner of its prior instruction to file a motion to lift the stay within sixty days of completing exhaustion, noted that about seven months had passed since the Wisconsin Supreme Court's decision in Nieves and ordered the petitioner to file a new status report. Dkt. No. 6 at 1-2. The court then administratively closed the case pending the next status report. Id.

The petitioner filed that status report the next day. Dkt. No. 7. He informed the court that no current action in the federal case was necessary; his §974.06 motion remained pending in the state circuit court. Id. at 1. "Because the state did not do so," the petitioner explained, "[he] successfully moved to lift [the stay and abeyance of his state proceedings that] fall." Id. at 1. He stated that "[w]ith the permission of the Milwaukee Circuit Court, he filed an amended motion on January 9, 2018," and would be filing a reply in March. Id.

4

The petitioner filed the pending motions on January 13, 2020. Dkt. Nos. 8, 9.

## II.     Motion to Lift Stay and for Leave to File Amended Petition (Dkt. No. 8)

The petitioner asks the court to lift the stay, reinstate his federal *habeas* petition and allow him to file an amended petition "to fully account for both the now-exhausted claims and any claims now rendered moot or no longer viable in light of the state court proceedings."[2] Dkt. No. 8 at 1.

The petitioner asserts that he now has exhausted all the claims he wishes to raise on *habeas* review. The court will grant the petitioner's request to lift the stay and will allow him to file an amended petition. Once the court receives the amended petition, the court will screen it under Rule 4 of the Rules Governing Section 2254 Cases.

## III.     Motion to Withdraw as Attorney and for Appointment of Counsel (Dkt. No. 9)

Ellen Henak, the petitioner's counsel, asks the court to allow her to withdraw as retained counsel for the petitioner, but explains that she would be willing to accept appointment "pursuant to 28 U.S.C. §2254(h), 18 U.S.C. §3006A and Rule 8(c) of the Rules Governing Section 2254 Cases." Dkt. No. 9 at 1.

---

[2] The court is unsure when the state court proceedings concluded; the petitioner lists the date as both November 13, 2019 and June 11, 2019. Dkt. No. 8 at 3. This discrepancy does not affect the court's decision on the pending motions.

5

A.    Motion to Withdraw as Counsel

Attorney Henak explains that "continuing as 'retained' counsel would require the expenditure of substantial time with no payment for it." Id. She asserts that she "already has provided significant services in the approximate amount $11,000 to [the petitioner]," whom she explains "ran out of money during the exhaustion of his claims in state court." Id. at 1-2. Attorney Henak says that "[a]lthough appointment to represent [the petitioner] at C.J.A. rates in this matter would prevent [her] from expending that time on private cases for which she could bill at a significantly higher hourly rate, [she] is willing to do so to provide continuity of representation, reduce costs to the [c]ourt by avoiding duplication of the work already performed by counsel, and insure that the complex issues she has raised are properly presented." Id. at 2.

Attorney Henak then provides a summary of the work she performed for the petitioner since her retention. Id. at 2-5. Attorney Henak explains that at some point, "[the petitioner] and his family ran out of money to pay counsel," but "[n]evertheless, . . . [she] continued providing [legal] services and paying any necessary court fees and mailing costs in order to preserve [the petitioner's] federal habeas rights." Id. at 5. She concludes that "[t]he worth of the services, mailing costs, and court fees that [she] provided without any chance of payment already in this matter is approximately $11,000," and that "[t]here is no possibility that either [the petitioner] or his family will be able to pay for the additional time and expense . . . required in this case once the state files its answer." Id. at 6. Noting that her "law partner and spouse missed more

6

than four months of work last year due to health issues," Attorney Henak adds that "they are currently unable to [handle *pro bono* cases] beyond what is absolutely necessary to preserve a client's rights," which she has done in this case. Id.

The will grant Attorney Henak's motion to withdraw as counsel for the petitioner.

B.    Motion for Appointment of Counsel

Attorney Henak argues that the petitioner "raises significant and complex issues challenging his convictions and the procedural history of those claims is very complex." Id. Noting that she "has spoken with [the petitioner] at length during the course of representation," Attorney Henak states that the petitioner "has a limited education" and opines that "[w]hile he is of average intelligence, he is not particularly sophisticated about legal matters." Id. at 6-7. She stresses the difficulty of litigating ineffective assistance of counsel claims in the Wisconsin courts and under the Antiterrorism and Effective Death Penalty Act (AEDPA). Id. at 7-8.

Attorney Henak states that she has contacted other criminal defense attorneys "in an effort to find other counsel who would be willing and able to represent [the petitioner] *pro bono*;" she provides their names. Id. at 8. She indicates, however, that "none could agree" to do so. Id.

The court will deny without prejudice the motion to appoint counsel. Until it sees the amended petition, the court cannot determine the complexity of the petitioner's claims or his capacity to litigate them. After the respondent

7

has answered or otherwise responded to the amended petition, the petitioner may renew his motion to appoint counsel if he believes it necessary.

## IV.   Conclusion

The court **GRANTS** the motion to lift the stay and reinstate *habeas* proceedings and for leave to file an amended petition. Dkt. No. 8. The court **ORDERS** that the Clerk of Court shall lift the stay and reopen this case.

The court **GRANTS** Attorney Ellen Henak's motion to withdraw as counsel. Dkt. No. 9.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for appointment of counsel. Dkt. No. 9.

Dated in Milwaukee, Wisconsin this 26th day of September, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

8