UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNY MALDONADO,

        Petitioner,

v.
                                  Case No. 16-cv-115-pp

RANDALL HEPP,

        Respondent.

## ORDER SCREENING AMENDED *HABEAS* PETITION

On February 1, 2016, the petitioner, a person incarcerated at Waupun Correctional Institution and representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2012 conviction in Milwaukee County Circuit Court for first-degree intentional homicide and attempted first-degree intentional homicide. Dkt. No. 1. On March 17, 2016, the court granted the petitioner's motion to stay the case pending exhaustion of his state court remedies. Dkt. No. 4. On September 26, 2020, the court granted his motion to lift the stay and for leave to file an amended petition, and the court reopened the case. Dkt. No. 15. On October 19, 2020, the court received the amended petition. Dkt. No. 17.

This order screens the amended petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the record that the petitioner is not entitled to relief, the court will allow the

1

petitioner to proceed on his claims and order the respondent to answer or otherwise respond.

   A.   Background

In its March 17, 2016 order granting the stay and its September 26, 2020 order lifting the stay, the court recounted the facts of the petitioner's state-court case:

> On October 9, 2010 the state of Wisconsin charged the petitioner with first degree intentional homicide and attempted first degree intentional homicide. State v. Maldonado, No. 2010CF005110, available at https://wcca.wicourts.gov. A jury found him guilty of both counts. On April 20, 2012, the court sentenced the petitioner to life imprisonment for first degree intentional homicide. For the second count (attempted first degree intentional homicide) the court sentenced the petitioner to serve twenty years in prison, followed by ten years of extended supervision. The court imposed this sentence to run concurrent to the sentence imposed for the intentional homicide charge, but consecutive to any other sentence. The court entered the judgment of conviction on April 24, 2012. On June 8, 2012, the court entered a corrected judgment of conviction. The court again amended the judgment of conviction on December 5, 2014. Id.
>
> On May 10, 2012, the petitioner filed a notice of intent to pursue postconviction relief. Id. On January 1, 2013, the Wisconsin Court of Appeals extended the deadline for filing a post-conviction motion or notice of appeal to April 5, 2013. On June 17, 2013, the court of appeals extended the deadline to June 28, 2013. On June 28, 2013, the petitioner filed his notice of appeal with the Wisconsin Court of Appeals. On July 15, 2014, that court affirmed the circuit court's decision, and, on August 15, 2014, the petitioner appealed to the Wisconsin Supreme Court. On November 13, 2014, the Supreme Court denied the petition for review. Id.

Dkt. No. 4 at 1-2; Dkt. No. 15 at 1-2.

On February 1, 2016, the petitioner, by Attorney Ellen Henak, filed a federal *habeas* petition. Dkt. No. 1. Along with the petition, he filed a motion for to stay. Dkt. No. 2. The motion stated that after the Wisconsin Supreme

Court denied his petition for review on November 13, 2014—and because he had not petitioned the United States Supreme Court for *certiorari*—the judgment of conviction had become final and the one-year limitations period under 28 U.S.C. §2244(d)(1)(a) had begun running ninety days later, on February 12, 2015. Id. at 2 n.1. The petitioner explained that he filed the federal petition and the motion for a stay before exhausting his state-court remedies to avoid being barred by the statute of limitations. Id. at 2. Six weeks later, the court granted the motion. Dkt. No. 4.

On January 9, 2018, the petitioner filed in Milwaukee County Circuit Court an amended postconviction motion under Wis. Stat. §974.06. See State v. Maldonado, Milwaukee County Case No. 10CF5110 (available at https://wcca.wicourts.gov). On July 16, 2018, the circuit court denied the motion. Id. "On appeal, [the petitioner] continue[d] to allege that his trial counsel provided ineffective assistance by failing to call two particular witnesses . . . and by failing to object to the admission of hearsay testimony," and that "postconviction counsel provided ineffective assistance for failing to raise these clearly stronger issues prior to [the petitioner's] direct appeal." Dkt. No. 17 at 36. On August 20, 2019, the Wisconsin Court of Appeals affirmed the circuit court's denial of relief. Id. at 31. On November 13, 2019, the Wisconsin Supreme Court denied review. Id. at 45.

The amended federal petition asserts four grounds for relief: (1) ineffective assistance of trial counsel for failing to object to certain trial testimony, (2) ineffective assistance of trial counsel for failing to call a

3

particular witness, (3) ineffective assistance of trial counsel for failing to call another particular witness, and (4) ineffective assistance of appellate counsel for failing to "investigate and raise on post-conviction motions or direct appeal the issues identified in this petition." Dkt. No. 17 at 17-21.

B.     Rule 4 Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend

4

his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000)

C. Analysis

The petitioner has stated cognizable constitutional claims. See Armfield v. Nicklaus, 985 F.3d 536, 547-48 (7th Cir. 2021) (considering on *habeas* review a Sixth Amendment claim based on trial counsel's failure to object to trial testimony); Blackmon v. Williams, 823 F.3d 1088, 1102–03 (7th Cir. 2016) (considering on *habeas* review a Sixth Amendment claim based on trial counsel's failure to call a witness); McElvaney v. Pollard, 735 F.3d 528, 530 (7th Cir. 2013) (considering on *habeas* review a Sixth Amendment claim based on appellate counsel's failure to raise trial counsel's errors). It appears that the petitioner exhausted his state-court remedies through a §947.06 postconviction motion. After a preliminary review, the court cannot say at this early stage that it plainly appears from the face of the amended petition or from any attached exhibits that the petitioner is not entitled to relief.

D. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds stated in his amended *habeas* petition.

5

The court **ORDERS** that within sixty days the respondent must answer or otherwise respond to the amended petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his amended petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief (if the petitioner chooses to file such a brief).

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the amended *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any

6

Case 2:16-cv-00115-PP    Filed 04/16/21    Page 6 of 7    Document 19

statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 16th day of April, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**