JOHNNY MALDONADO,

        Petitioner,

  v.

Case No. 16-cv-115-pp

RANDALL HEPP,

        Respondent.

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 21)**

On February 1, 2016, the petitioner, by Attorney Ellen Henak, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2012 conviction in Milwaukee County for first-degree intentional homicide and attempted first-degree intentional homicide. Dkt. No 1. On September 26, 2020, the court granted the petitioner's motion to lift the stay, to reinstate *habeas* proceedings and for leave to file an amended petition, granted Attorney Henak's motion to withdraw as the petitioner's counsel and denied the petitioner's motion to appoint counsel. Dkt. No. 15. On October 19, 2020, the petitioner filed an amended *habeas* petition. Dkt. No. 17. Six months later, the court screened the petition and ordered the respondent to answer or otherwise respond. Dkt. No. 19. On May 21, 2021, the petitioner filed a second motion to appoint counsel. Dkt. No. 21. Two months later, the respondent answered the petition. Dkt. No. 26. The next day, the court issued an order clarifying the

1

deadlines for further briefing. Dkt. No. 27. The petitioner subsequently asked for an extension of time to file his brief in support of his petition, dkt. no. 31, which the court granted, dkt. no. 32. The petitioner then filed a "rebuttal" to the respondent's answer. Dkt. No. 33. The court issued an order questioning whether the petitioner meant this document to be his brief in support of the petition (and noting that the petition was much more detailed than the usual petitions the court sees), and ordered that if the court did not receive a brief in support of the petition by the end of the day on February 8, 2022, the court would construe that rebuttal as the petitioner's brief and give the respondent forty-five days to file opposition materials. Dkt. No. 34. February 8, 2022 has passed without the court receiving a brief, and the court has ordered the respondent to file opposition materials by March 28, 2022. Dkt. No. 35.

The petitioner states that he does not have and cannot afford a lawyer. Dkt. No. 21 at 1. He says that he does not know how to write a brief, and that the last grade he completed was the eighth grade. Id. He says he learned how to speak English while incarcerated. Id. The petitioner says that his former attorney, Ellen Henak, prepared the amended petition. Id. He says Attorney Henak told him he could ask the court for a lawyer. Id. The petitioner reports that he has contacted several attorneys requesting that they take his case, but that so far, no attorney has been willing to do so. Id. (He says he even asked Attorney Henak. Id.) He asks the court to "tell [him] how to get a lawyer, but [he doesn't] have any money." Id. at 2. The petitioner attached to the motion two responses from attorneys who declined to represent the petitioner. Id. at 3-4.

2

Case 2:16-cv-00115-PP   Filed 02/10/22   Page 2 of 5   Document 36

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," although it notes that a district court "may appoint counsel if 'the interests of justice so require.'" Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)).

When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007).

When this court denied the petitioner's first motion to appoint counsel, it noted the argument from the petitioner's then-counsel that the petitioner raised "significant and complex issues challenging his convictions and the procedural history of those claims is very complex." Dkt. No. 15 at 7. It noted his attorney's contention that the petitioner had a limited education and average intelligence. Id. The court also recognized that the petitioner's attorney had contacted other attorneys asking them to take his case and that she had been unable to find an attorney willing to do so. Id.

In preparing his second motion to appoint counsel, the petitioner has shown that he has contacted at least two attorneys in an effort to find counsel on his own. The petitioner has satisfied the first step in the court's analysis. But the interests of justice do not require the court to appoint counsel for the petitioner at this stage. The court recognizes that Attorney Henak prepared the amended petition. Dkt. No. 19. But the petitioner presented enough information—and has presented it clearly enough—for the court to be able to screen the amended petition. The respondent has answered that petition. Dkt. No. 26. The petitioner prepared his "rebuttal," dkt. no. 33, and the court has ordered the respondent to file an opposition brief. There is nothing for the petitioner to do at this point but wait for the opposition brief and review it when he receives it.

Most incarcerated persons who file lawsuits or *habeas* petitions ask for lawyers. Most do not have the money to hire lawyers, do not have legal education or familiarity with the law and do not have sufficient access to the law library. The court does not have the resources to appoint lawyers for all *habeas* petitioners; it must rely on volunteer lawyers. And the requests for an attorney far outnumber the number of volunteers. As a result, the court appoints counsel only in those cases where a party is not able to express himself, and where the litigation has reached a point that a lay person cannot handle it on his own. The petitioner has not explained how his case is so complex that he cannot present it himself. Further, the court finds the petitioner's *pro se* motion to appoint counsel (as well as his rebuttal) to be

clear, detailed and legible. The petitioner has better grammar, spelling and writing skills than many incarcerated persons from whom the court receives pleadings. If there comes a time where the litigation becomes too complex for the petitioner to handle it on his own, he may renew the motion.

The court **DENIES WITHOUT PREJUDICE** the petitioner's second motion to appoint counsel. Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 10th day of February, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**